**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Denis Glazkov,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-04484-PHX-GS

**ORDER**

Before the Court is Petitioner's Motion to Enforce (Doc. 14), which Respondents oppose, (Doc. 18). For the reasons below, the Motion is granted.

On June 29, 2026, Petitioner filed this action under 28 U.S.C. § 2241. (Doc. 1.) On July 9, 2026, Respondents filed their Response indicating they did not oppose Petitioner's release. (Doc. 9.) Respondents did not request leave to impose conditions of release that did not exist before Petitioner's current detention. (*See id.*) Respondents released Petitioner from custody on July 11, 2026. (Doc. 13.) On July 13, 2026, the Court granted Petitioner's request for habeas relief and ordered Petitioner's immediate release from custody "under the same conditions that existed before his detention." (Doc. 11.) The Clerk of the Court issued Judgment that same day. (Doc. 12.)

On July 20, 2026, Petitioner filed the motion at hand, arguing that while Respondents released him from custody, they imposed conditions of release that did not exist before his current detention. (Doc. 14.) Those conditions include enrollment in an Alternatives to Detention (ATD) program, a GPS ankle bracelet, curfew conditions, and

"other restrictive conditions unrelated to the Court's Order." (*Id.* at 2.)

In response to the Motion to Enforce, Respondents acknowledge they did not oppose the Petition and, as a result, Petitioner was ordered released. (Doc. 18 at 1.) Respondents nevertheless maintain that "[p]ursuant to General Order 26-09, Respondents then had two (2) calendar days to release the Petitioner, however the General Order does not include any restrictions on the release of the Petitioner. Respondents complied with the General Order by releasing the Petitioner on July 11, 2026." (*Id.* (citing Doc. 5, ¶ 8).) Respondents further contend that "[a]lthough this Court's Order included language regarding the conditions of release, it was issued to the parties after the deadline imposed by the General Order[,] and the Petitioner was already released. Respondents complied with the requirements of release of the order in effect at the time of release, which contained no language regarding conditions of release." (Doc. 18 at 2.)

Respondents are mistaken. Respondents cite no authority for the proposition that the General Order's silence regarding release conditions implicitly authorizes them to impose any conditions they choose, and the Court is aware of none. Even if Respondents were correct, their belief that they need not comply with a subsequently filed Order and Judgment is, at the very least, concerning. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). A case-specific order controls over a more general order. *See, e.g., Natomas Gardens Inv. Grp., LLC v. Sinadinos*, 710 F.Supp.2d 1008, 1017 (E.D. Cal. 2010). Respondents are still under an obligation to comply with the Court's Order and Judgment entered in this case. To date, they have not done so. Respondents must therefore immediately rescind any release conditions that did not exist prior to Petitioner's most recent detention.

////

////

**IT IS ORDERED** that Petitioner's Motion to Enforce (Doc. 14) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must **immediately rescind** any conditions of release that did not exist before Petitioner's most recent detention.

**IT IS FURTHER ORDERED** that Respondents must file a Notice of Compliance within three (3) days of issuance of this Order confirming the conditions have been rescinded. If Respondents fail to do so, the Court will set an Order to Show Cause Hearing.

Dated this 4th day of September, 2026.

Honorable Greg Sakall
United States Magistrate Judge